Harding v. Trustees of New Haven Tp., 3 Ohio, 227, 228, 230, held trustees of township were a corporation. Commissioners of Brown Co. v. Butt, 2 Ohio, 353, 355; Commissioners of Gallia Co. v. Holcomb, 7 Ohio, 232; State v. Piatt, 15 Ohio, 23, 24; County Com'rs of Lucas Co. v. Hunt, 5 Ohio St. 488; Boalt v. Commissioners of Williams, Defiance and Paulding Counties, 18 Ohio, 13; Commissioners of Hamilton Co. v. Mighels, 7 Ohio St. 109; Palmer v. Cuyahoga Co. [Case No. 10,688]; Cook v. Hamilton Co. [Id. 3,157]; Same Case [Id. 3,158]; Lyell v. Lapeer Co. [Id. 8,618].

The incidents of a corporation, Blackstone says, are five: 1. Perpetual succession. 2. To sue and be sued, implead and be impleaded, grant or receive, by its corporate name. 3. To purchase lands and hold them. 4. To have a common seal. 5. To make by-laws. The second and third incidents are consequential to the first,—that of perpetual succession. The board of commissioners have this under the law. The power to have and use a common seal need not be given in express terms. In fact, the incidents of a corporation result, as has been held, for perpetual succession. So that it would seem, if the technical qualities of a corporation be applied to the defendants, the suit against them is maintainable. The demurrer is overruled.

McLEAN (HOFFMAN v.). See Case No. 13,665.

## Case No. 8,882.

### McLEAN v. IHMSEN.

[The case reported under above title in 1 West. Law J. 189, is the same as Case No. 8,883.]

## Case No. 8,883.

### McLEAN v. JOHNSON et al.

[3 McLean. 202:[1] 1 West. Law J. 189.]

Circuit Court, D. Ohio. July Term, 1843.

BANKRUPTCY—INSOLVENCY—ASSIGNMENT — FRAUD —WHAT ASSIGNEE TAKES—DISTRIBUTION.

1. An assignment of all the property of a firm, in contemplation of a state of insolvency, is a fraud against the bankrupt act [of 1841 (5 Stat. 440)].

    [Cited in Perry v. Langley, Case No. 11,006; Globe Ins. Co. v. Cleveland Ins. Co., Id. 5,486.]

2. Such transfer. within two months preceding the application for relief, is, of itself, strong ground of fraud.

3. If one of a firm apply for and obtain the benefit of the act. the firm being insolvent, the assignee takes all the effects of the firm.

    [Cited in Amsinck v. Bean, 22 Wall. (89 U. S.) 402.]

4. Relief having been given to the bankrupt, the property must be brought into the bank-

    [1] [Reported by Hon. John McLean, Circuit Justice.]

rupt court, that distribution be made as the law requires. As at present situated, the bankrupt court has no control over the property.

In bankruptcy.

Mr. McLean, for plaintiff.

Mr. How, for defendants.

OPINION OF THE COURT. This bill is filed by the plaintiff, as assignee of Aldrich, a bankrupt. He filed his petition for the benefit of the bankrupt law, on the 17th of December, 1842; and on the 13th of January ensuing he was declared a bankrupt. The facts agreed were, that the firm, consisting of Otis Aldrich, the above bankrupt, and William L. Aldrich, were insolvent and bankrupt at the time the petition was filed; that they had, on the 8th of December, 1842, assigned all their property, of every kind, to Samuel B. Pierre and William G. Pierre; and that their agents have in their possession a large amount of property which belonged to the late firm, consisting of goods, &c., amounting to about the sum of ten thousand dollars. The assignment was made in trust to sell the property, and distribute the proceeds, pro rata, among the creditors of the firm. Only nine days before the petition was filed, the assignment was executed. This, in itself, was an act of bankruptcy—as it was done in contemplation of a state of insolvency. The second section of the bankrupt act provides, "that all future payments, securities, conveyances, or transfers of property or agreements made or given by any bankrupt in contemplation of bankruptcy," &c.; "and all other payments, securities, conveyances, or transfers of property or agreements made or given by such bankrupt, in contemplation of bankruptcy, to any person or persons whatsoever, not being a bona fide creditor, or purchaser for a valuable consideration without notice, shall be deemed utterly void, and a fraud upon the act; and the assignee may claim the same," &c. The assignees were not creditors, and the fact that the assignment was made within two months preceding the application for relief, is, under the second section, if not in terms, impliedly fraudulent. The fourteenth section of the act provides. that the application for relief by one partner, the firm being insolvent, gives to the assignee the assets of the firm.

On the part of the defendants, it is insisted that, under the assignment, the same disposition of the property will be made, as directed by the bankrupt act; and that, as the assignment is not void, but only voidable, it can only be set aside by the creditors. That the creditors, or a greater part of them, are content with the disposition of the property; and that. as a matter of policy, debtors and creditors should not only be permitted, but encouraged to settle their own affairs. The bankrupt has asked and obtained relief under the law, and he must submit to all the provisions of the act. It is only upon the